FILED
IN OPEN COURT

NOV - 8 2021

CLERK, U.S. DISTRICT COURT
NEWPORT NEWS, VA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Newport News Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 4:21CR 71 |
| | ) | |
| v. | ) | 18 U.S.C. §§ 1343 and 2 |
| | ) | Wire Fraud |
| MARLON MCKNIGHT, | ) | (Counts 1-5) |
| | ) | |
| Defendant. | ) | 18 U.S.C. §§ 641 and 2 |
| | ) | Theft of Government Property |
| | ) | (Count 6) |
| | ) | |
| | ) | 18 U.S.C. §§ 1014 and 2 |
| | ) | False Statements to Small Business |
| | ) | Administration |
| | ) | (Counts 7 - 10) |
| | ) | |
| | ) | 18 U.S.C. §§ 981(a)(1)(C) & 982(a)(1) |
| | ) | Asset Forfeiture |

INDICTMENT

November 2021 Term - At Newport News, Virginia

GENERAL ALLEGATIONS

1. The United States Small Business Administration (SBA) is an executive-branch agency of the United States government that provides support to entrepreneurs and small businesses. The mission of the SBA is to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

2. As part of this effort, the SBA enables and provides for loans through banks, credit unions and other lenders. These loans have government-backed guarantees. In addition to traditional SBA funding programs, The CARES Act, which was signed into law in March 2020,

1

established several new temporary programs and provided for the expansion of others to address the COVID-19 outbreak.

3. One of these new programs is the SBA Paycheck Protection Program (PPP), which is a loan designed to provide a direct incentive for small businesses to keep their workers on the payroll. Under this program, the SBA will forgive all or part of loans if all employees were kept on the payroll for eight weeks and borrowers submit documentation confirming that the loan proceeds were used for payroll, rent, mortgage interest, or utilities. Interested applicants apply through an existing SBA lender or any other participating federally insured financial institution.

4. The PPP application process requires applicants to submit a Borrower Application Form through an SBA-approved financial entity. The application contains information as to the purpose of the loan, average monthly payroll, number of employees and background of the business and its owner, including questions relating to criminal history. Applicants are also required to make good faith certifications, including that economic uncertainties have necessitated their loan requests for continued business operations and that they intend to use loan proceeds only for the authorized and not any duplicative purposes.

5. Another related response to the COVID-19 outbreak is an expansion of an existing disaster-related program - the Economic Injury Disaster Loan (EIDL) - to provide for loan assistance (including $10,000 advances) for small businesses and other eligible entities for loans up to $2 million. The EIDL proceeds can be used to pay fixed debts, payroll, accounts payable and other bills that could have been paid had the disaster not occurred; however, such loan proceeds are not intended to replace lost sales or profits or for expansion of a business.

6. Unlike certain other types of SBA-guaranteed loans, EIDL funds are issued directly from the United States Treasury and applicants apply through the SBA via an online portal and

application. The EIDL application process, which also uses certain outside contractors for system support, collects information concerning the business and the business owner, including: information as to the gross revenues for the business prior to January 31, 2020; the cost of goods sold; and information as to any criminal history of the business owner. Applicants electronically certify that the information provided is accurate and are warned that any false statement or misrepresentation to the SBA or any misapplication of loan proceeds may result in sanctions, including criminal penalties.

A.   First EIDL Application

7. On or about August 10, 2020, MARLON MCKNIGHT, the defendant herein (hereinafter "MCKNIGHT"), electronically applied for an EIDL (loan number ending 8205) using the company name of McKnight Cleaning Service. MCKNIGHT claimed that McKnight Cleaning Service was located at 20 Diamond Hill Rd., in Hampton, Virginia.

8. MCKNIGHT claimed that this business opened on February 14, 2014, with an ownership start date of February 14, 2015, and further listed it as a maid and cleaning service business with three (3) employees. The defendant claimed that the gross revenues for the 12 months prior to the disaster were $85,000, and that the cost of goods sold was $15,000. MCKNIGHT responded in the negative to a question about whether he had been convicted, plead guilty or placed on any form of parole or probation related to any felony. In fact, MCKNIGHT had recently been released to a halfway house after serving a sentence of imprisonment related to a prior federal fraud conviction that resulted in his incarceration from in or about November 2018 through in or about May 2020.

9. Following the submission of this EIDL application, MCKNIGHT was offered a loan of $35,000, for which he accepted a loan agreement on or about August 11, 2020.

MCKNIGHT contacted the SBA for status updates. The loan funded on or about August 13, 2020, and $34,900 was deposited into the defendant's 1st Advantage Federal Credit Union bank account, which the defendant opened on or about July 7, 2020, and had an account balance of $10.00. Between August 13-31, 2020, the defendant withdrew and/or transferred approximately $22,900 of these proceeds. The remainder of the funds were all withdrawn in September 2020.

10. On or about January 19, 2021, MCKNIGHT contacted the SBA and inquired as to how to submit a request for an increase in the loan amount. The defendant submitted a false 2019 tax return in support of a request for an increase.

B. Second EIDL Application

11. On or about August 11, 2020, MCKNIGHT applied for a second EIDL (application number ending 2211), this time using the business name KCM Property Management. MCKNIGHT listed the business address as 20 Diamond Hill Road, in Hampton, Virginia. MCKNIGHT also indicated he employed four (4) individuals and received gross revenue of $115,000 in the past twelve (12) months prior to the disaster, with cost of goods sold of $75,000. MCKNIGHT responded in the negative to a question about whether he had been convicted, plead guilty or placed on any form of parole or probation related for any felony.

12. Following submission of this application, MCKNIGHT contacted the SBA about its status and was asked for additional information, including a recent business tax return. Although the defendant advised that he would submit tax documentation, he failed to do so. The SBA declined this application on or about August 26, 2020, due to unverifiable information.

C. Third EIDL Application

13. On or about January 18, 2021, MCKNIGHT applied for a third EIDL (application number ending 7575), again using the business name McKnight Cleaning Services. MCKNIGHT

listed the business address as 3 Sunbriar Way, in Hampton, Virginia. MCKNIGHT also indicated he employed five (5) individuals and received gross revenue of $85,000 in the past twelve (12) months prior to the disaster, with cost of goods sold of $15,000. MCKNIGHT responded in the negative to a question about whether he had been convicted, plead guilty or placed on any form of parole or probation related for any felony.

14. Following submission of the application, MCKNIGHT contacted the SBA about its status and was advised that this was a duplicate application to the prior one he had filed in August 2020.

D. PPP Application

15. On February 7, 2021, MCKNIGHT submitted an application for a PPP loan that was transmitted to the SBA, in the name of McKnight Cleaning Services. MCKNIGHT requested $35,417.50 in loan proceeds. On this application, MCKNIGHT claimed that the business had five (5) employees with an average monthly payroll of $14,167. MCKNIGHT claimed that the purpose of the loan was for payroll costs.

16. Question 6 of the PPP Borrower Application Form asked "Within the last 5 years, for any felony involving fraud, bribery, embezzlement, or a false statement in a loan application or an application for federal financial assistance, or within the last year, for any other felony, has the Applicant (if an individual) or any owner of the Applicant 1) been convicted; 2) pleaded guilty; 3) pleaded nolo contendere; 4) been placed on pretrial diversion; 5) been placed on any form of parole or probation (including probation before judgment)?" MCKNIGHT checked "NO" for this question and electronically signed his initials, verifying the accuracy of his response.

17. MCKNIGHT electronically signed this PPP application on February 7, 2021, attesting that the information provided was true and accurate and that he understood the criminal

5

penalties associated with providing false statements to the SBA. The defendant submitted a photograph of his Virginia driver's license and a false 2019 tax return along with the PPP application.

## THE SCHEME AND ARTIFICE

18. From on or about at least August 2020, to in or about at least February 2021, in the Eastern District of Virginia and elsewhere, MARLON MCKNIGHT, the defendant herein, devised and intended to devise a scheme and artifice to defraud, and to obtain money by means of materially false and fraudulent pretenses, representations, promises and omissions.

19. It was a part of the scheme and artifice that the defendant sought to fraudulently obtain disaster-related benefits in the form of SBA-sponsored Economic Injury Disaster (EIDL) loans and an SBA Paycheck Protection Program (PPP) loan.

20. It was further a part of the scheme and artifice that the defendant submitted applications for loans under the EIDL and PPP programs that contained false statements, misrepresentations and omissions related to the defendant's income, employment, claimed business entities and his prior criminal record.

21. It was further a part of the scheme and artifice that the defendant falsely attested on the aforementioned loan applications that the information presented was true and accurate.

22. It was further a part of the scheme and artifice that the defendant utilized a 1st Advantage Federal Credit Union account in order to receive disaster-related benefits.

23. It was further a part of the scheme and artifice that the defendant received and obtained approximately $34,900 in EIDL proceeds into a 1st Advantage Federal Credit Union account.

24. It was further a part of the scheme and artifice that the defendant misapplied the EIDL proceeds for purposes unrelated to those authorized by the United States Small Business Administration.

25. It was further a part of the scheme and artifice that the defendant caused the transmission of information and funds by wire between the Eastern District of Virginia and locations outside of the Commonwealth of Virginia.

## COUNTS ONE THROUGH FOUR
(Wire Fraud)

THE GRAND JURY FURTHER CHARGES THAT:

1. The factual allegations contained in the General Allegations section are incorporated herein by reference as if set out in full.

2. On or about the dates and in connection with the transactions described below, MARLON MCKNIGHT, the defendant herein, having devised and intended to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false, fraudulent and fictitious pretenses, representations and promises, as described in Paragraphs 18-25 above and incorporated herein by reference, and, for the purpose of executing the aforesaid scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, in the Eastern District of Virginia and elsewhere, did knowingly and willfully transmit and cause to be transmitted by means of wire communication in interstate commerce, the following certain signs, signals, and sounds: to wit, the following loan Economic Injury Disaster Loan (EIDL) and SBA Paycheck Protection Program (PPP) applications and a wire transfer of funds to/from/through a location within the Eastern District of Virginia to/from/through a location outside of the Commonwealth of Virginia.

| Count | Date of Wire Transmission (on or about) | Description of Wire Transmission |
|---|---|---|
| 1 | 8/10/2020 | Defendant submitted an EIDL application to the SBA for McKnight Cleaning Service (SBA loan number ending 8205) that contained false statements and misrepresentations and omissions related to his business entity, employment, income and background. |
| 2 | 8/11/2020 | Defendant submitted an EIDL application (application number ending 2211) to the SBA for KCM Property Management that contained false statements and misrepresentations and omissions related to his business entity, employment, income and background. |

| | | |
|---|---|---|
| 3 | 8/11/2020 | Defendant received the proceeds of EIDL (SBA loan number ending 8205) in the amount of $34,900 into a 1st Advantage Credit Union account he had opened. |
| 4 | 1/18/2021 | Defendant submitted an EIDL application to the SBA for McKnight Cleaning Services (SBA loan number ending 7575) that contained false statements and misrepresentations and omissions related to his business entity, employment, income and background. |
| 5 | 2/7/2021 | Defendant submitted an SBA PPP loan application for McKnight Cleaning Services that contained false statements and misrepresentations and omissions related to his business entity, employment, income and background. |

(In violation of Title 18, United States Code, Sections 1343 and 2.)

## COUNT SIX
(Theft of Government Property)

THE GRAND JURY FURTHER CHARGES THAT:

1. The factual allegations contained in the General Allegations section are incorporated herein by reference as if set out in full.

2. On or about August 11, 2020, in the Eastern District of Virginia and elsewhere, MARLON MCKNIGHT, the defendant herein, having devised the scheme and artifice described in Paragraphs 18-25 above and incorporated herein by reference, willfully and knowingly did steal, purloin, and knowingly convert to his use without authority, money aggregating in excess of $1,000.00 belonging to the United States of America, to wit, approximately $34,900.00 in Economic Injury Disaster Loan (EIDL) assistance provided for by the United States Small Business Administration via the United States Treasury, in response to the COVID-19 outbreak, which the defendant was not entitled to receive.

(In violation of Title 18, United States Code, Sections 641 and 2.)

## COUNTS SEVEN THROUGH TEN
(False Statements to the Small Business Administration)

THE GRAND JURY FURTHER CHARGES THAT:

1. The factual allegations contained in the General Allegations section are incorporated herein by reference as if set out in full.

2. On or about the dates and in connection with the loan applications set forth below, in the Eastern District of Virginia and elsewhere, MARLON MCKNIGHT, the defendant herein, knowingly made false statements and reports for the purpose of influencing the action of the Small Business Administration (SBA) and/or an SBA-preferred financial entity and lender, in connection with an application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment, and loan, as follows:

| Count | Date (on or about) | False Statement |
|---|---|---|
| 7 | 8/10/2020 | MCKNIGHT claimed he had not been convicted or plead guilty for any felony on an application for an Economic Injury Disaster Loan (EIDL). |
| 8 | 8/11/2020 | MCKNIGHT claimed he had not been convicted or plead guilty for any felony on an application for an Economic Injury Disaster Loan (EIDL). |
| 9 | 1/18/2021 | MCKNIGHT claimed he had not been convicted or plead guilty for any felony on an application for an Economic Injury Disaster Loan (EIDL). |
| 10 | 2/7/2021 | MCKNIGHT claimed he had not been convicted or plead guilty for any felony involving fraud on an application for a Paycheck Protection Program (PPP) loan. |

(In violation of Title 18, United States Code, Sections 1014 and 2.)

## FORFEITURE

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT:

1. The defendant, if convicted of any of the violations alleged in Counts One through Six of this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

2. If any property that is subject to forfeiture above is not available, it is the intention of the United States to seek an order forfeiting substitute assets pursuant to Title 21, United States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e).

3. The property subject to forfeiture includes, but is not limited to, the following:

    a. A monetary judgment an amount representing the proceeds the defendant obtined from the scheme alleged in this indictment.

(All in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).)

UNITED STATES v. MARLON MCKNIGHT, 4:21CR71

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office

A TRUE BILL:   **REDACTED COPY**

_____
FOREPERSON

JESSICA D. ABER
UNITED STATES ATTORNEY

By: _____
Brian J. Samuels
Assistant United States Attorney
Virginia State Bar No. 65898
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Tel. (757) 591-4000
Fax: (757) 591-0866

By: _____
Amy E. Cross
Special Assistant United States Attorney
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Tel. (757) 591-4000
Fax: (757) 591-0866